Tucker, P.
I also concur. The case of Chapman v. Bennett has settled the point, that under the act of 1814, a deputy sheriff is competent to sell and make a *25 valid conveyance of lands returned delinquent for non- • i i payment of taxes. But, without controverting that decisión, I think it may be safely affirmed, that the sale and conveyance must be made by the same person. It would be altogether irregular to permit the deputy to convey what had been sold by the sheriff or the sheriff to convey what had been sold by the deputy. Admitting that the law has authorized either to act, which we must do under the above cited decision, yet there is nothing in the law from which we can fairly infer, that the legislature designed to introduce the confusion of permitting the sale of one to be completed by the conveyance of the other. So far from it, the statute requires the officer “ to execute a deed to the purchaser at the sale, reciting the circumstances thereof;” a requisition which fortifies the natural supposition, that he who makes the sale is to make the title. In this case, the sale is recited to have been made by the sheriff and the grant or conveyance purports to have been made by him.
Yet the deed is signed by the deputy and acknowledged by him, not as the act of the sheriff but as the act of the deputy himself. It is not necessary to decide whether he could have acknowledged it as the act and deed of Booth; which I very much doubt, as it is contrary to received principles, that one man should execute a deed for another without authority by deed. But as the deed is only acknowledged by the deputy as his own deed, and contains no grant or conveyance from him, and as indeed he could not lawfully convey what the sheriff himself had sold, I think the deed was properly rejected. I will add, that these laws of forfeiture ought to be strictly construed, and that there should be no leaning in favour of a transaction, by which a tract of thirty acres of land is sacrificed to a purchaser, for forty-eight cents.